## PETERS *v.* THE STATE.

To an indictment for selling liquor without a license, the defendant pleaded that he had a license, and issue was joined upon that plea, and upon that issue the jury found the defendant guilty ; held that the plea should have been " not guilty ; " that the state should not have joined issue upon any other plea, and that the verdict and judgment rendered under such an issue should have been arrested.

### ERROR *to Lee District Court.*

*Opinion by* KINNEY, J.   The plaintiff in error was indicted for selling liquor without license.  By the plea which he interposed he acknowledged that he sold the liquor, but averred that he sold the same by virtue of a license issued for that purpose, which he sets out and makes part of his plea.  The state replies to the plea, and takes issue upon so much of the plea as relates to the defendant's having a license to sell, &c.

The cause was tried upon this issue and upon the evidence the jury found the defendant guilty.  A motion was made in arrest of judgment on the ground that the issue was immaterial, and consequently no judgment could be entered upon the verdict, which the court overruled.  This is assigned for error.

We think the court should have arrested the judgment. The plea tendered an immaterial issue.  The state accepted the issue so tendered, and upon this issue the court permitted the parties to go to trial.  The plea should have been " not guilty ; " and the license used as evidence to establish the truth of the plea.  But, instead of this, the plea was that he had a license, by which he was authorized to sell ; and the state saw proper to join issue upon this question of fact, which only left the simple question for the jury to find whether he had a license as averred in his plea or not. If the jury found that he had a license, they must so report as their verdict, and if they found on this issue, that the

Peters *v.* the State.

defendant had not a license, they must then report that fact as the result of their verdict; but upon neither verdict would it be possible to enter up a judgment. The whole object of jury trials in criminal cases is to ascertain whether the accused is " guilty " or " not guilty," and not to try an issue upon an immaterial fact, because unless the merits of the case can be tried on the issue, nothing is accomplished, nothing established. The plea presented a very essential item of evidence for the defendant, and it might or might not constitute an insuperable defence, but this could only be ascertained when it was introduced as proof under the proper plea, but not as offending matter of itself upon which to base an issue. The jury could not properly find the defendant " guilty " upon the issue joined, because they were only sworn to try the issue between the parties, and that issue as we have shown was whether Peters had a license to sell or not, and a verdict of " guilty " or " not guilty " would not be at all responsive to the issue which was made by the parties, and which the jury were sworn to try and determine. Then the only verdict that the jury could return was whether the fact averred in the plea was true or false, and such a verdict, as we have said, would virtually amount to nothing, as no judgment could be rendered upon it.

The court then we think should have arrested the judgment, and as they did not it was error.

Judgment reversed.

*C. H. Phelps*, for the prisoner:.

*C. J. McFarland*, for the state.